UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES CONWAY,

Petitioner,

v. Case No.: 2:25-mc-14-SPC-NPM

A.G. MORGAN FINANCIAL ADVISORS, LLC; VINCENT J. CAMARDA; and JAMES E. MCARTHUR,

Respondents.

---

**OPINION AND ORDER**

Petitioner James Conway filed a complaint (Doc. 1) seeking to confirm an arbitration award under the Federal Arbitration Act, 9 U.S.C. § 9, which the Court construes as a motion to confirm an arbitration award. (Doc. 4). Petitioner properly served Respondents A.G. Morgan Financial Advisors, LLC; Vincent J. Camarda; and James E. McArthur (Docs. 8, 9, 12, 15), but they failed to appear. The Clerk thus entered defaulted against Respondents. (Doc. 19). The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). (Docs. 1, 21). So the motion to confirm the arbitration award is ripe and unopposed.

Petitioner filed a Financial Industry Regulatory Authority ("FINRA") arbitration against Respondents. (Docs. 1-1, 1-2). On August 22, 2025, the

arbitration panel issued an award. (Doc. 1-1). The award provides that Respondents are jointly and severally liable to Petitioner for $1,323,078.61 in compensatory damages with an interest rate of 0.0243836% per day in accordance with the Florida daily rate for judgment awards. (*Id.* at 5). Respondents are also jointly and severally liable to Petitioner for $1,323,078.61 in punitive damages, $278.67 in costs, $440,495 in attorneys' fees, $20,000 in sanctions; and $625 for reimbursement of the non-refundable portion of the initial claim filing fee Petitioner paid. (*Id.* at 5–6). On September 2, 2025, Petitioner filed this action seeking final judgment from this Court confirming the award. (Doc. 1).

The Federal Arbitration Act provides that "upon application of any party to the arbitration, the court must confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the statute." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010); 9 U.S.C. § 9. The arbitration panel's final award has not been vacated, modified, or corrected, and Respondents have not opposed confirmation under any of these grounds. Additionally, Petitioner sought confirmation of the arbitration award in an appropriate court within one year after the panel issued it. 9 U.S.C. § 9. The Court must confirm the arbitration award.

Accordingly, it is now

**ORDERED:**

1. Petitioner's construed Motion to Confirm Arbitration Award (Doc. 1) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter judgment in Petitioner's favor and against Respondents jointly and severally as follows:

   a. $1,323,078.61 in compensatory damages;

   b. Interest on the compensatory damages at the rate of 0.0243836% per day;

   c. $1,323,078.61 in punitive damages;

   d. $278.67 in costs;

   e. $440,495 in attorneys' fees;

   f. $20,000 in sanctions; and

   g. $625 in reimbursement of the non-refundable portion of the initial claim filing fee.

3. The Clerk is **DIRECTED** to terminate any deadlines and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record